Matter of Dunn (2020 NY Slip Op 01548)





Matter of Dunn


2020 NY Slip Op 01548


Decided on March 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 5, 2020

PM-40-20

[*1]In the Matter of Ann Marie Dunn, a Resigned Attorney. (Attorney Registration No. 4117529.)

Calendar Date: February 17, 2020

Before: Egan Jr., J.P., Lynch, Clark, Devine and Colangelo, JJ.


Ann Marie Dunn, New Canaan, Connecticut, respondent pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Ann Marie Dunn was admitted to practice by this Court in 2003, and currently resides in Connecticut, where she was recently reinstated to the practice of law following a period of resignation. In August 2006, Dunn applied for leave to resign from the New York bar for nondisciplinary reasons and, in November 2006, this Court granted her application and removed her name from the roll of attorneys and counselors-at-law. Dunn now applies for her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]), stating that she has recently resumed the practice of law in Connecticut and that she is seeking her reinstatement in order to better serve her law firm's clients. By February 2020 correspondence, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) advises that it does not oppose Dunn's application.
As an initial matter, Dunn has properly submitted the standardized form affidavit as provided in appendix F and has properly noticed AGC of her application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]; Rules of App Div, 3d Dept [22 NYCRR] § 806.22 [b]). Accordingly, we turn to our assessment of the merits of her application, which necessarily asks that she "establish both the requisite legal education or experience and the necessary character and fitness as would be required of an applicant for admission in the first instance" (Matter of Weiss, 166 AD3d 1159, 1160 [2018]; see Matter of Gaudioso, 159 AD3d 1217, 1218 [2018]; compare Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Upon our review, we find that Dunn's application materials raise no concerns about her character and fitness to resume the practice of law in this state. To this point, as part of her application materials, Dunn provides proof that she is currently in good standing in Connecticut, her home jurisdiction. Further, Dunn has submitted proof that she is in compliance with her continuing legal education (hereinafter CLE) requirements in that state, which, in turn, would satisfy her CLE requirements in this jurisdiction were she to be reinstated (see Rules of App Div, All Depts [22 NYCRR] §§ 1500.5 [b] [1]; 1500.22 [n] [1]; see also Matter of Rosales, 174 AD3d 1280, 1280-1281 [2019]; compare Matter of Tuve, 171 AD3d 1392, 1393 [2019]). Accordingly, having considered the foregoing along with the remainder of her application materials, and having determined that Dunn "has the requisite legal training and experience, as well as the necessary character and fitness, to justify [her] reinstatement," we grant her application and restore her name to the roll of attorneys in this state, effective immediately (Matter of Weiss, 166 AD3d at 1160).
Egan Jr., J.P., Lynch, Clark, Devine and Colangelo, JJ., concur.
ORDERED that Ann Marie Dunn's application for reinstatement is granted; and it is further
ORDERED that Ann Marie Dunn's name is hereby restored to the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that Ann Marie Dunn shall, within 30 days of the date of this decision, file an attorney registration statement with the Chief Administrator of the Courts pursuant to Judiciary Law § 468—a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1.