Matter of Attorneys in Violation of Judiciary Law § 468-a. (Oketunji) (2020 NY Slip Op 04436)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a. (Oketunji)

2020 NY Slip Op 04436

Decided on August 6, 2020

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 6, 2020

PM-104-20

[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as the Attorney Grievance Committee for the Third Judicial Department, Petitioner; Olufisayo Pelumi Oketunji, Respondent. (Attorney Registration No. 4513578.)

Calendar Date: July 28, 2020
Before: Garry, P.J., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Committee on Professional Standards for the Third Judicial Department.
Olufisayo Pelumi Oketunji, Fairfax, Virginia, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2007 and is also admitted to practice in the District of Columbia and Maryland. He presently lists a business address in Texas with the Office of Court Administration (hereinafter OCA), but states on the instant application that he currently practices law in the District of Columbia from a business address in Virginia.[FN1] Respondent was suspended from the practice of law by 2014 order of this Court for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations beginning in 2009 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1045 [2014]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). He cured his registration delinquency in April 2018 and now applies for reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). Petitioner opposes his application, raising concerns regarding respondent's compliance with the order of suspension and registration status, among other issues.[FN2] In reply, respondent submits additional statements and documentation to address these concerns.
In addition to meeting certain procedural requirements, "[a]ll attorneys seeking reinstatement from suspension must establish, by clear and convincing evidence, that (1) he or she has complied with the order of suspension and the Rules of this Court, (2) he or she has the requisite character and fitness for the practice of law, and (3) it would be in the public's interest to reinstate the attorney to practice in New York" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317-1318 [2020]). To this end, given the length of respondent's suspension for a period greater than six months, he has appropriately submitted a duly-sworn form affidavit as is provided in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Hughes-Hardaway], 152 AD3d 951, 952 [2017]). He also provides proof of his recent passage of the Multistate Professional Responsibility Exam (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 161 AD3d 1443, 1444 [2018]).
As to respondent's compliance with the order of suspension, he attests that he has not engaged in the practice of law in New York since his suspension. Although respondent initially failed to provide letters from his current and prior employers confirming his employment history, he ultimately furnished proof of his prior employment as an Assistant Attorney General in the District of Columbia from 2015 to 2018 and his current employment with a law firm in the District of Columbia (see Rules for Attorney Disciplinary Matters [22 NYCRR] appendix C, ¶ 17).[FN3] We further note that, based upon publicly available information, it appears that respondent was also engaged as a managing partner of his own law firm from November 2014 through May 2015, but that this activity was also located in the District of Columbia. Respondent's tax returns, which he provided with his reply correspondence, are consistent with his employment history. As to a notation on his current employer's website that his admission to the New York bar — rather than his application for reinstatement following suspension — was pending, respondent has provided proof that any reference to the New York bar has since been removed from the law firm's description of his credentials. Based upon the foregoing, we find that respondent did not improperly engage in the practice of law in this state following the order of suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a
[Hui-Ju Wang], 183 AD3d 1225, 1227 [2020]; compare Matter of Barry, 176 AD3d 1474, 1475-1476 [2019]).
Turning to respondent's admitted failure to file an affidavit of compliance following his suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]), we find that his statements included on his appendix C affidavit submitted in support of his application for reinstatement have cured this defect (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [c]; part 1240, appendix C; Matter of Attorneys in Violation of Judiciary Law § 468-a [Hui-Ju Wang], 183 AD3d at 1227; Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 175 AD3d 1767, 1768 [2019]). Based upon the foregoing, we find that respondent has complied with the order of suspension and the rules governing the conduct of suspended attorneys (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d at 1317-1318; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).
Finally, in consideration of respondent's application as a whole, we find that respondent has sufficiently demonstrated the requisite character and fitness for the practice of law and that it would be in the public's interest to reinstate him to the practice of law in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Hui-Ju Wang], 183 AD3d at 1227-1228; Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d at 1318). Although respondent admits that he has not completed any credit hours of continuing legal education (hereinafter CLE) since his suspension, "attorneys who do not practice law in New York" are exempt from this state's CLE requirements (Rules of App Div, All Depts [22 NYCRR] § 1500.5 [b] [1]; see Matter of Alexandrovich, 174 AD3d 1034, 1036 n [2019]). In any event, respondent has provided certificates of good standing from Maryland and the District of Columbia and proof of his compliance with the CLE requirements in these jurisdictions (see Matter of Dunn, 181 AD3d 1047, 1048 [2020]). Respondent further affirms his intent in the near future to complete CLE credits that would satisfy this state's CLE requirements should he be reinstated.
We note, however, that OCA registration records indicate that respondent certified as retired for the 2013-2014 and 2019-2020 biennial periods (see Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [g]). An attorney is considered retired from the practice of law when, "other than the performance of legal services without compensation, he or she does not practice law in any respect and does not intend ever to engage in acts that constitute the practice of law" (Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [g]). Of particular importance to out-of-state attorneys, the practice of law in this context includes "the giving of legal advice or counsel to, or providing legal representation for, a particular body or individual in a particular situation in either the public or private sector in the State of New York or elsewhere" (Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [g] [emphasis added]; see Judiciary Law § 468-a [4]). Where an attorney has improperly certified as retired, he or she must file an amended statement to correct the error (see Judiciary Law § 468-a [2]). The improper assertion of retired status, while continuing to practice for compensation, can rise to the level of misconduct (see Matter of Kahn, 28 AD3d 161, 163-164 [2006]).
Here, respondent's application and publicly available information demonstrate his continued practice of law outside this state during the relevant registration periods and, thus, that his related certification as retired during this time was improper. Respondent asserts that his error was based upon his misunderstanding that he could register as "retired" from the practice of law in New York while continuing to practice in other jurisdictions and further affirms that he will remedy the error. Accordingly, although we have determined to grant respondent's application for reinstatement, as part of our order, we direct respondent to file an amended statement and pay the related registration fees for the 2013-2014 and 2019-2020 biennial periods and to provide proof thereof to this Court, upon notice to petitioner, within 30 days of the date of this decision reflecting the aforementioned change (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Samson], 176 AD3d 1566, 1568 [2019]).
Garry, P.J., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective upon compliance with the conditions set forth in this decision.
Footnotes

Footnote 1: It appears that respondent listed the Texas business address associated with the headquarters of the law firm where he is currently employed, but provided on his application the address of a satellite office in Virginia where he is assigned.

Footnote 2: The Lawyers' Fund for Client Protection has advised that there are no open claims against respondent.

Footnote 3: Respondent claims that he left the practice of law in 2009, prior to his suspension, to pursue a different career opportunity but later returned to practice.