Matter of Attorneys in Violation of Judiciary Law § 468-a. (Gibson) (2020 NY Slip Op 04623)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a. (Gibson)

2020 NY Slip Op 04623

Decided on August 20, 2020

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 20, 2020

PM-107-20

[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Emily Frances Gibson, Respondent. (Attorney Registration No. 4177317.)

Calendar Date: July 13, 2020
Before: Garry, P.J., Lynch, Mulvey, Aarons and Reynolds Fitzgerald, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Emily Frances Gibson, Dublin, Ireland, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2003 and is also admitted in Ireland, where she is a practicing barrister. Respondent was suspended from the practice of law by 2014 order of this Court for conduct prejudicial to the administration of justice arising from her failure to comply with her attorney registration requirements beginning with the 2005-2006 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1033 [2014]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Having cured her registration delinquency in August 2018, she now applies for her reinstatement pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16. Petitioner has submitted correspondence opposing respondent's application based upon certain deficiencies in her affidavit in support of her motion, and respondent has since submitted a supplemental affidavit and exhibits addressing petitioner's points in opposition.[FN1]
Initially, we find that respondent has satisfied the procedural requirements for an attorney seeking reinstatement from a suspension of more than six months (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1318 [2020]). Specifically, although respondent initially submitted a duly-sworn affidavit that omitted various material responses required by the appendix C form affidavit to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, we find that her supplemental submission has alleviated those deficiencies and, altogether, her submissions provide the necessary information for our review (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 161 AD3d 1443, 1443-1444 [2018]; cf. Matter of Attorneys in Violation of Judiciary Law § 468-a [Dahan], 176 AD3d 1564, 1565 [2019]). Further, respondent provides proof that she successfully completed the Multistate Professional Responsibility Examination in March 2019, satisfying the requirement of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16 (b).
We have also determined that respondent has satisfied the three-part test applicable to all attorneys seeking reinstatement from suspension or disbarment (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Samson], 176 AD3d 1566, 1566 [2019]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Considering her submissions as a whole, respondent properly attests that she did not practice law and has not received any compensation for providing legal services in this state during the period of her suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Wang], 183 AD3d 1225, 1227 [2020]). Accordingly, we find that she has clearly and convincingly established her compliance with our disciplinary order and the Rules of this Court (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Yamashita], 176 AD3d 1382, 1383 [2019]). Further, respondent provides proof that she is in good standing in her home jurisdiction, and the remainder of her affidavit clearly and convincingly establishes that she has the requisite character and fitness for reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Squires], 153 AD3d 1511, 1513 [2017]). Finally, we find that no detriment to the public would result from respondent's reinstatement, and that her continuing work as a barrister in Ireland provides a tangible benefit to the public (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Sauer], 178 AD3d 1191, 1193-1194 [2019]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Yang], 175 AD3d 823, 825 [2019]). Accordingly, we grant respondent's motion and reinstate her to the practice of law.
Garry, P.J., Lynch, Mulvey, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.
Footnotes

Footnote 1: The Lawyers' Fund for Client Protection advises that there are no open claims pertaining to respondent and that it therefore defers to the Court's discretion as to respondent's reinstatement.