Matter of Attorneys in Violation of Judiciary Law § 468-a. (Kearney) (2020 NY Slip Op 04809)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a. (Kearney)

2020 NY Slip Op 04809

Decided on August 27, 2020

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 27, 2020

PM-112-20

[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Adam J. Kearney, Respondent. (Attorney Registration No. 3988284.)

Calendar Date: July 20, 2020
Before: Garry, P.J., Mulvey, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Adam J. Kearney, Nashua, New Hampshire, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2001 and currently lists a business address with the Office of Court Administration (hereinafter OCA) in Nashua, New Hampshire. Respondent was suspended from the practice of law by 2019 order of this Court for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration requirements beginning in 2015 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1731 [2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Having cured his registration delinquency in December 2019, respondent now applies for his reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has opposed his application, and respondent has since submitted a supplemental correspondence addressing AGC's concerns.[FN1]
We initially find that respondent has met the procedural requirements for an attorney seeking reinstatement from a suspension that exceeded six months (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Oketunji], ___ AD3d ___, ___, 2020 NY Slip Op 04436, *1 [2020]). In this respect, respondent has properly submitted a duly-sworn form affidavit as provided for in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Although respondent omitted certain required attachments on his initial submission, he has since supplemented his application with the necessary information for our review (see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [Gibson], ___ AD3d ___, ___, 2020 NY Slip Op 04623, *1 [2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Wortsman], 168 AD3d 1211, 1211 [2019]). Further, OCA records demonstrate that respondent is now current in his registration requirements and has cured his delinquency.[FN2] Finally, respondent provides proof that he successfully completed the Multistate Professional Responsibility Examination within one year of filing his application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]).
We have further determined that respondent has satisfied the three-part test applicable to all attorneys seeking reinstatement from suspension or disbarment (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317-1318 [2020]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). First, respondent has clearly and convincingly demonstrated his compliance with the order of suspension and the Rules of this Court through his attestations in his affidavit in support of his motion, as well as in his belated affidavit of compliance (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Yang], 175 AD3d 823, 824 [2019]). We also find no concerns with respondent's character and fitness, as his application raises no relevant character concerns, and he has addressed his fitness by completing 24 credit hours of continuing legal education since the entry of the order of discipline in preparation of his return to the practice of law (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Ettelson], 161 AD3d 1478, 1480 [2018]). Finally, we find that no detriment would inure to the public from his reinstatement, and that his return to the practice of law provides a tangible benefit (see Matter of Attorneys in Violation of Judiciary Law § 468-a, 183 AD3d 1221, 1223-1224 [2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Serbinowski], 164 AD3d 1049, 1051 [2018]). We therefore grant respondent's motion and reinstate him to the practice of law.
Garry, P.J., Mulvey, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effectively immediately.
Footnotes

Footnote 1: Having uncovered no open claims against respondent, the Lawyers' Fund for Client Protection has advised that it defers to this Court's discretion on his application.

Footnote 2: As part of its opposition to respondent's motion, AGC raises concerns with respondent's certification as "retired" for the 2015-2016 and 2017-2018 biennial periods. We note that an attorney is entitled to register as retired if, "other than the performance of legal services without compensation, he or she does not practice law in any respect and does not intend ever to engage in acts that constitute the practice of law" (Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [g]). In cases involving retroactive certification, the attorney's intent to refrain from the practice of law is viewed from the time that the attorney was initially due to register and must persist throughout the entire applicable registration period (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Samson], 176 AD3d 1566, 1567-1568 [2019]). To this point, respondent states in his supplemental correspondence that he never intended to practice law during those periods and only recently decided to pursue a return to practice, which prompted him to certify as active for the most recent biennial period. We therefore find that his use of the "retired" designation in his certifications for the 2015-2016 and 2017-2018 biennial periods was appropriate.