Matter of Attorneys in Violation of Judiciary Law § 468-a. (Kanodia) (2020 NY Slip Op 05798)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a. (Kanodia)

2020 NY Slip Op 05798

Decided on October 15, 2020

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2020

PM-133-20

[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Shahana Basu Kanodia, Also Known as Shahana Basu, Respondent. (Attorney Registration No. 3026424.)

Calendar Date: September 14, 2020
Before: Egan Jr., J.P., Lynch, Clark, Devine and Colangelo, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Shahana Basu, Alexandria, Virginia, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2000. She is currently admitted in Massachusetts and has also previously been admitted in Ohio. Respondent has resided in India since 2012 and recently returned to the United States in 2019 to pursue an LLM degree at Georgetown University Law Center. She was suspended from the practice of law by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from her failure to comply with her attorney registration obligations beginning in 2015 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1731 [2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Having cured her registration delinquency in November 2019, respondent now applies for her reinstatement pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) initially opposed respondent's application; however, respondent replied to AGC's opposition and AGC has since submitted a sur-reply indicating that it now defers to this Court's discretion on the application.[FN1]
We first address the concern raised by AGC in its initial opposition papers regarding respondent having improperly practiced law utilizing a name other than the name appearing on the roll of attorneys (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Thompson], 185 AD3d 1379, 1381 n 2 [2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Yang], 175 AD3d 823, 824 [2019]). Having reviewed respondent's application materials in their entirety, we are satisfied that respondent has adequately addressed this concern and that she has not improperly practiced law using a different name than the one provided on the roll "with [the] intent to conceal her suspension in this state or avoid other discipline" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Yang], 175 AD3d at 824-825). However, we note that in her supplemental submission to this Court, respondent suggests that she has been advised by the New York State Bar Association (hereinafter NYSBA) that she cannot update any changes to her name on file with that organization until she is reinstated by this Court. We take this opportunity to remind the members of the bar of this state that the NYSBA is a nongovernmental entity with no responsibility over the administration and licensure of New York attorneys. To this point, upon admission to the practice of law by the appropriate Department of the Appellate Division, an attorney must provide his or her name for memorialization on the roll of attorneys and any later requests for name changes on the roll must be made to the Department in which that attorney was admitted (see generally Judiciary Law § 90 [1] [a]). Moreover, it is the Office of Court Administration (hereinafter OCA), and not the NYSBA, that must be apprised of changes to any information previously provided as part of an attorney's registration obligations, and the failure to do so in a timely manner may constitute conduct prejudicial to the administration of justice and may, on occasion, warrant discipline (see Judiciary Law § 468-a [2], [5]; Rules of the Chief Admin of Cts [22 NYCRR] § 118.1 [e], [f], [h]).
Turning to the merits of respondent's application, we initially find that she has met the procedural requirements for an attorney seeking reinstatement from a suspension that exceeded six months (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Oketunji], 186 AD3d 923, 923-924 [2020]). To this end, respondent has properly submitted a duly-sworn form affidavit as provided for in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, and has submitted the required attachments identified in that form (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; see also Matter of Attorneys in Violation of Judiciary Law § 468-a [Gibson], 186 AD3d 961, 962 [2020]). Further, OCA records demonstrate that respondent is now current in her registration requirements and has cured her longstanding delinquency. Finally, respondent provides proof that she successfully completed the Multistate Professional Responsibility Examination administered in March 2020, which properly falls within one year of the date of filing of her application as required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16 (b).
We have further determined that respondent has satisfied the three-part test applicable to all attorneys seeking reinstatement from suspension or disbarment (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317-1318 [2020]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). We accept her belated affidavit of compliance and, based upon her attestations contained in that affidavit coupled with her responses in her affidavit in support of her motion, we find that respondent has clearly and convincingly demonstrated her compliance with the order of suspension and the Rules of this Court (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Kearney], 186 AD3d 972, 974 [2020]). We also find that respondent has demonstrated the requisite character for reinstatement, as she attests to having no criminal history or any disciplinary history, other than the underlying suspension, in this or any other jurisdiction, and there is no indication in the record of any governmental investigations, financial circumstances or medical or substance abuse history that would negatively impact her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 14, 23—25, 30—32).[FN2] Further, we find that respondent is adequately prepared to resume the practice of law based upon her recent completion of an LLM degree at Georgetown University Law Center. Finally, we find that no detriment would inure to the public from her reinstatement, and that her current pro bono work provides a tangible benefit to the public (see generally Matter of Krouner, 173 AD3d 1428, 1429-1430 [2019]). We therefore grant respondent's motion and reinstate her to the practice of law.
Egan Jr., J.P., Lynch, Clark, Devine and Colangelo, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effectively immediately.
Footnotes

Footnote 1: Having uncovered no open claims against respondent, the Lawyers' Fund for Client Protection has advised that it defers to this Court's discretion on her application.

Footnote 2: Although respondent was administratively suspended for failing to register in Massachusetts, she has since been reinstated to the practice of law in that jurisdiction. We note that her administrative suspension is not reflected in her Massachusetts attorney registration records as public discipline.