Matter of Attorneys in Violation of Judiciary Law § 468-a (Toussaint) (2021 NY Slip Op 04185)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a (Toussaint)

2021 NY Slip Op 04185

Decided on July 1, 2021

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 1, 2021

PM-96-21
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Etienne Clement Toussaint, Respondent. (Attorney Registration No. 5132469.)

Calendar Date:June 14, 2021
Before:Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Etienne Clement Touissant, Landover, Maryland, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2013 and is also admitted to practice in the District of Columbia, where he currently serves as a law professor. Respondent was suspended from the practice of law by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration requirements beginning with the 2009-2010 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1756 [2019]). Having cured his registration delinquency in January 2021, he now applies for his reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). By June 2021 correspondence, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) advises that it does not oppose respondent's motion.[FN1]
Every attorney seeking reinstatement from a suspension in this state must satisfy the three-part test, requiring him or her to demonstrate, by clear and convincing evidence, that he or she has complied with the order of suspension and the Rules of this Court, that he or she has the requisite character and fitness for the practice of law, and that it would be in the public interest to allow the attorney to resume practicing law in New York (see Matter of Attorneys in Violation of Judiciary Law 468-a [Katz], 166 AD3d 1469, 1470 [2018]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Before reaching the merits of his application, we first note that respondent has met the threshold obligations for an applicant seeking reinstatement from a suspension for a period greater than six months by properly submitting a duly-sworn form affidavit as provided for in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, along with the necessary exhibits (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Further, respondent provides proof that he successfully passed the March 2020 administration of the Multistate Professional Responsibility Examination, within one year of the date of his application. Finally, respondent has cured his registration delinquency and is current with his obligations. We therefore proceed to the merits of his application.
As to the first requirement, AGC points out that respondent failed to file a timely affidavit of compliance following his suspension as required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.15 (f). However, the statements in his appendix C affidavit provide assurances that he has complied with the suspension order and the Rules of this Court and, accordingly, we have determined that he has sufficiently established this aspect of the three-part test.[FN2]
Concerning his character and fitness, respondent has no disciplinary history beyond his current suspension stemming from his registration delinquency and is currently in good standing in [*2]his home jurisdiction. Respondent further attests that he has not been the subject of any criminal or governmental investigations, and that there are no financial circumstances or medical or substance abuse history that would negatively impact his reinstatement. Further, while respondent concedes that he has not completed any continuing legal education coursework during the period of his suspension, we note that he was not required to do so by virtue of his residency in Washington, DC (see Rules of App Div, All Depts [22 NYCRR] §§ 1500.5 [b] [1]; 1500.22 [n] [1]) and, in any event, the responsibilities of his current employment as a law professor provide sufficient indicia that he has properly maintained the legal acumen to resume the practice of law in this state. Accordingly, we find that respondent has sufficiently demonstrated his character and fitness for reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Kelly], 190 AD3d 1253, 1254-1255 [2021]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Rogers], 173 AD3d 1427, 1428 [2019]).
Finally, we find that respondent has established that his reinstatement is in the public interest. Respondent's application reveals that no detriment would inure to the public from his reinstatement, and his continued work as a law professor along with his commitment to fostering pro bono work in his community provides a clear tangible benefit (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Fitzpatrick], 191 AD3d 1229, 1231 [2021]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Kanodia], 187 AD3d 1312, 1315 [2020]). We therefore grant respondent's motion and reinstate him to the practice of law.
Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effectively immediately.
Footnotes

Footnote 1: The Lawyers' Fund for Client Protection has advised that there are no open claims against respondent and that it defers to this Court's discretion on his application.

Footnote 2: AGC has also brought to our attention that respondent's faculty page improperly referenced his admission in New York during the period of his suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [d]). However, we have observed that the statement regarding his admission in New York has since been removed (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Oketunji], 186 AD3d 923, 924 [2020]).