Matter of Attorneys in Violation of Judiciary Law § 468-a (Ramlakhan) (2023 NY Slip Op 01833)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Ramlakhan)

2023 NY Slip Op 01833

Decided on April 6, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 6, 2023

PM-80-23
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department Petitioner, Purnima Devi Ramlakhan, Respondent. (Attorney Registration No. 4036489.)

Calendar Date:November 7, 2022

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Purnima Devi Ramlakhan, Basking Ridge, New Jersey, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2002 and resides in New Jersey, where she is a civil defense litigator for a law firm. Respondent was suspended from practice by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from her failure to comply with her attorney registration obligations beginning in 2014 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1748 [3d Dept 2019]). She cured her registration delinquency in October 2021, has since remained current in her registration obligations and now applies for reinstatement by motion made returnable November 7, 2022. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes her application, alleging certain deficiencies.[FN1] Upon the Court's request, respondent provided additional documentation to supplement her motion for reinstatement.
An attorney seeking reinstatement must satisfy certain procedural requirements, which vary based on the length of his or her suspension (see Matter of Attorneys in Violation of Judiciary Law §468-a [Nenninger], 180 AD3d 1317, 1318 [3d Dept 2020]).[FN2] Respondent has been suspended since 2019, thus she properly submitted an affidavit generally consistent with the form set forth in Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, appendix C (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Respondent similarly provided proof of her successful passage of the Multistate Professional Responsibility Exam within one year of making her application for reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶34). Given this proof, the Court may consider the procedural requirements satisfied and turn its attention to the merits of respondent's reinstatement application.
An attorney seeking reinstatement from suspension must establish, by clear and convincing evidence, "(1) that he or she has complied with the order of suspension/disbarment and the applicable rules of the Court, (2) that he or she possesses the requisite character and fitness for the practice of law, and (3) that his or her reinstatement" would be in the public's interest (Matter of Jing Tan, 164 AD3d 1515, 1516-1517 [3d Dept 2018]). Respondent's application for reinstatement and additional submissions collectively demonstrate that, during her suspension in New York, she has not practiced in New York, but rather has been practicing in New Jersey, thus resolving AGC's concerns in this regard. Respondent has similarly demonstrated that she remains current with developments in the law, providing proof of her completion of New York continuing legal education credits (see Rules of App Div, All Depts [22 NYCRR] § 1500.12). While she did not file an affidavit of compliance required under Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.15 (f) within 45 days following [*2]her suspension, a review of respondent's application and submitted materials cures any defects in this regard (see Matter of Attorneys in Violation of Judiciary Law §468-a [Dorotan], 211 AD3d 1159, 1161 [3d Dept 2022]; Matter of Attorneys in Violation of Judiciary Law §468-a [Alimanova], 175 AD3d 1767, 1768 [3d Dept 2019]). Similarly, and as noted by AGC, while the website of respondent's current employer lists her as an attorney admitted to practice in this state, despite her suspension, this does not preclude her reinstatement, as there are no other indicators that the she has been practicing in this state during the suspension (see e.g. Matter of Attorneys in Violation of Judiciary Law §468-a [Oketunji], 186 AD3d 923, 924 [3d Dept 2020]). As such, we are assured that respondent has been compliant with our Rules and the order of suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Gang], 211 AD3d 1450, 1451 [3d Dept 2022]).
Turning to the issue of respondent's character and fitness, respondent provided recent certificates establishing her good standing in the other jurisdictions where she is admitted to practice. Respondent's application further indicates she has not been involved in any lawsuits, and is not subject to any unsatisfied judgments, overdue debts or judgments, bankruptcies, criminal charges, or governmental investigations. On the public's interest in her reinstatement, respondent's suspension resulted from a failure to comport with attorney registration requirements, which she has now cured. As such, we are assured that her reinstatement would not be detrimental to the public, even if this specific sort of misconduct were to be repeated (see Matter of Attorneys in Violation of Judiciary Law §468-a [Pekmezovic], 207 AD3d 992, 994 [3d Dept 2022]; see Matter of Attorneys in Violation of Judiciary Law §468-a [Giordano], 186 AD3d 1827, 1829 [3d Dept 2020]). As such, we grant respondent's motion for reinstatement.
Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the motion for reinstatement by respondent is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

Footnotes

Footnote 1: The Lawyers' Fund for Client Protection has indicated that it does not object to respondent's motion for reinstatement.
Footnote 2: We take the opportunity to remind the bar that the Court's procedural rules have been amended for all applications filed after September 1, 2022 where the respondent is seeking reinstatement from a suspension resulting solely from his or her violation of Judiciary Law § 468-a.