Matter of Attorneys in Violation of Judiciary Law § 468-a. (Giordano) (2020 NY Slip Op 05016)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a. (Giordano)

2020 NY Slip Op 05016

Decided on September 17, 2020

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 17, 2020

PM-118-20

[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Joseph Andrew Giordano, Respondent. (Attorney Registration No.4952826.)

Calendar Date: August 31, 2020
Before: Egan Jr., J.P., Clark, Devine, Pritzker and Colangelo, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Joseph Andrew Giordano, Denville, New Jersey, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2011. That same year, he was also admitted to practice in New Jersey, where he presently lists a business address with the Office of Court Administration. Respondent was suspended from the practice of law in New York by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from his noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 from 2014 onward (Matter of Attorneys in Violation of Judiciary Law § 468, 172 AD3d 1706, 1725 [2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Upon curing his registration delinquency in February 2020, respondent has now moved for his reinstatement, by application marked returnable on August 31, 2020. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has opposed respondent's motion based upon certain identified omissions.
"All attorneys seeking reinstatement from suspension must establish, by clear and convincing evidence, that (1) he or she has complied with the order of suspension and the Rules of this
Court, (2) he or she has the requisite character and fitness for the practice of law, and (3) it would be in the public's interest to reinstate the attorney to practice in New York" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317-1318 [2020] [citation omitted]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). A reinstatement applicant must further provide, as a threshold matter, certain required documentation in support of his or her application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C).
We initially note that, given the length of his suspension, respondent properly submits a sworn affidavit in the form set forth in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Respondent has requested therein a waiver of the Multistate Professional Responsibility Examination (hereinafter MPRE) requirement applicable to attorneys seeking reinstatement from suspensions of longer than six months (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [Thompson], 185 AD3d 1379 [2020]). As we have previously noted, "[t]he MPRE requirement serves two important purposes: it reemphasizes the importance of ethical conduct to attorneys who have been subjected to serious public discipline, and it also reassures the general public that such attorneys have undergone retraining in the field of professional responsibility" (Matter of Cooper, 128 AD3d 1267, 1267 [2015]). Consequently, to qualify for a waiver, an applicant must show "good cause," which standard may be satisfied by demonstrating "that additional MPRE testing would be unnecessary under the circumstances" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [2017]).
Upon review of the documentation provided by respondent in support of his application, we are persuaded that a waiver of the MPRE requirement is appropriate in this instance (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Ohm], 183 AD3d 1221, 1223 [2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Sauer], 178 AD3d 1191, 1193 [2019]). Respondent has submitted proof demonstrating his continuing legal employment in New Jersey and his blemish-free disciplinary history in that jurisdiction. He further indicates that additional training in professional responsibility is unnecessary due to his practice in the public sector in New Jersey and his completion of numerous credit hours of continuing legal education in that state (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Sauer], 178 AD3d at 1193). Under these circumstances, we agree that it is unnecessary for respondent to undergo further MPRE testing, and we accordingly grant his request for a waiver.
As for the remainder of respondent's application, we conclude that he has sufficiently established by clear and convincing evidence that he has satisfied the above three-part test applicable to attorneys seeking reinstatement from disciplinary suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Ohm], 183 AD3d at 1223). Respondent has sufficiently demonstrated his compliance with the order of suspension. As to his character and fitness, respondent's application materials raise no cause for concern, inasmuch as he attests that he has not been the subject of any criminal proceedings, adverse disciplinary action or governmental investigation since his suspension from the practice of law (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 14, 30, 31). Respondent also attaches certificates of good standing from New Jersey (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶ 13). Accordingly, we conclude that respondent's reinstatement would be in the public interest and, giving due consideration to the fact that respondent's misconduct does not raise any concerns regarding possible harm to the public, we find that no detriment would inure to the public from respondent's reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Serbinowski], 164 AD3d 1049, 1051 [2018]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Timourian], 153 AD3d 1513, 1515 [2017]). We therefore grant respondent's motion and reinstate him to the practice of law in New York, effective immediately.
Egan Jr., J.P., Clark, Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that respondent's motion is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.