Matter of Attorneys in Violation of Judiciary Law § 468-a (Endo) (2021 NY Slip Op 04077)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a (Endo)

2021 NY Slip Op 04077

Decided on June 24, 2021

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 24, 2021

PM-89-21
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Appellant; Corey Marika Endo, Respondent. (Attorney Registration No. 4406526.)

Calendar Date:June 7, 2021
Before:Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Tabner, Ryan & Keniry, LLP, Albany (Thomas R. Fallati of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2006 and is also admitted in Washington, where he resides and practices as a Federal Public Defender. Respondent was suspended from the practice of law in New York by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from his noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 from 2012 onward (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1721 [2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Upon curing his registration delinquency in January 2021, respondent has now moved, by application marked returnable on June 7, 2021, for his reinstatement. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has been heard in response to the application.[FN1]
Along with certain procedural requirements, "[a]ll attorneys seeking reinstatement from suspension must establish, by clear and convincing evidence, that (1) he or she has complied with the order of suspension and the Rules of this Court, (2) he or she has the requisite character and fitness for the practice of law, and (3) it would be in the public's interest to reinstate the attorney to practice in New York" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317—1318 [2020]). Given the duration of his suspension, respondent has appropriately submitted a duly-sworn form affidavit as is provided for in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). He has also provided certificates of good standing from all jurisdictions in which he is admitted to the practice of law, including Washington (see Rules for Attorney Disciplinary Matters [22 NYCRR] appendix C, ¶ 13), as well as proof of his timely passage of the Multistate Professional Responsibility Examination (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Although respondent admittedly failed to file the required affidavit of compliance following the order of suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]; part 1240, appendix C, ¶ 21), we find that the attestations included in his appendix C affidavit have sufficiently cured this defect in this instance (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Lawrence], 193 AD3d 1318, 1319 [2021].
As for the balance of respondent's application, we conclude that his submission is sufficient to establish by clear and convincing evidence that he has satisfied the above-referenced three-part test. Respondent has sufficiently demonstrated his compliance with the order of suspension. As to his character and fitness, respondent's application materials raise no cause for concern, inasmuch as, among [*2]other things, he reports no criminal record and he further attests that he has not been the subject of any adverse disciplinary action or governmental investigation since his suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 14, 30, 31). We additionally conclude that respondent's reinstatement would be in the public interest. Further, giving due consideration to respondent's otherwise spotless disciplinary history and the fact that the professional misconduct underlying his suspension was not harmful in nature, we also find that no detriment would inure to the public from respondent's reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Giordano], 186 AD3d 1827, 1829 [2020]; Matter of Attorneys in Violation of Judiciary Law §468-a [Serbinowski], 164 AD3d 1049, 1051 [2018]). We accordingly grant respondent's motion and reinstate him to the practice of law in New York, effective immediately.
Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that respondent's motion is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.
Footnotes

Footnote 1: Finding no open claims, the Lawyers' Fund for Client Protection advises that it does not oppose respondent's reinstatement application.