Matter of Attorneys in Violation of Judiciary Law § 468-a (Wang) (2021 NY Slip Op 06142)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a (Wang)

2021 NY Slip Op 06142

Decided on November 10, 2021

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 10, 2021

PM-153-21
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Sanghan Wang, Respondent. (Attorney Registration No. 4309639.)

Calendar Date:October 12, 2021
Before:Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Yoon LLP, New York City (Charles Yoon of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2005
and is not admitted to practice in any other jurisdiction. He currently resides in his home country of South Korea, where he is employed as a law professor. Respondent was suspended from the practice of law in New York by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from his noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 from 2015 onward (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1758 [2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). After curing his registration delinquency in December 2020, respondent has now moved, by application marked returnable on October 12, 2021, for his reinstatement. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) advises that it opposes respondent's motion principally on the basis of his failure to fulfill the requirement that he successfully pass the Multistate Professional Responsibility Examination (hereinafter MPRE) within one year prior to seeking reinstatement, and otherwise defers to our discretion as to the disposition of respondent's motion.[FN1]
Initially, we note that respondent has satisfied the procedural requirements for an attorney seeking reinstatement to the practice of law from a suspension of more than six months (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1318 [2020]) by, among other things, submitting a sworn affidavit in the proper form set forth in appendix C to Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). As for the threshold documentation required to be submitted in support of his application, respondent has requested a waiver of the MPRE requirement applicable to all attorneys seeking reinstatement from suspensions of more than six months (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Alessandro], 169 AD3d 1349 [2019]). As we have noted previously, a reinstatement applicant must demonstrate "good cause" in order to be granted an MPRE waiver, which standard may be satisfied by providing assurances "that additional MPRE testing would be unnecessary under the circumstances" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [2017]).
Upon review of the documentation submitted by respondent in support of his application, we are persuaded that a waiver of the MPRE requirement is appropriate in this instance (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Ohm], 183 AD3d 1221, 1223 [2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Sauer], 178 AD3d 1191, 1193 [2019]). Respondent [*2]has submitted proof demonstrating, among other things, his continuing employment as tenured law professor in South Korea, his otherwise blemish-free disciplinary history and his participation in numerous organizations devoted to the public good (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Callier], 192 AD3d 1375, 1377 [2021]). Under these circumstances, we agree that it is not necessary for respondent to undergo further MPRE testing, and we therefore grant his request for a waiver.
As for the remainder of respondent's application, we find that his submission establishes by clear and convincing evidence that he has satisfied the three-part test applicable to all attorneys seeking reinstatement from disciplinary suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 175 AD3d 1767, 1768 [2019]). Respondent has sufficiently demonstrated his compliance with the order of suspension, as he attests to having never represented any clients in this state, which effectively negates any obligation to contact any client, return client property or return any fees. As to his character and fitness, respondent's application materials raise no issues of concern, as he reports no criminal record and he further attests that he has not been the subject of any adverse disciplinary action or governmental investigation since his suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 14, 30, 31). We additionally conclude that respondent's reinstatement would be in the public interest. To that end, giving due consideration to the limited nature of respondent's misconduct, as well as his otherwise spotless disciplinary history, we find that no detriment would inure to the public from his reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Giordano], 186 AD3d 1827, 1829 [2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Ohm], 183 AD3d at 1223). We accordingly grant respondent's motion and reinstate him to the practice of law in New York, effective immediately.
Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that respondent's motion is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.
Footnotes

Footnote 1: Finding no open claims, the Lawyers' Fund for Client Protection advises that it does not oppose respondent's reinstatement application.