Matter of Attorneys in Violation of Judiciary Law § 468-a (Conway) (2022 NY Slip Op 02045)





Matter of Attorneys in Violation of Judiciary Law § 468-a (Conway)


2022 NY Slip Op 02045


Decided on March 24, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 24, 2022

PM-57-22
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Patrick Joseph Conway, Respondent. (Attorney Registration No. 2489565.)

Calendar Date:January 31, 2022

Before:Garry, P.J., Egan Jr., Pritzker, Ceresia and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Patrick Joseph Conway, Wilmington, Delaware, respondent pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 1992 and lists a business address in Delaware with the Office of Court Administration. Respondent was suspended from the practice of law in New York by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from his noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 from 2010 onward (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1718 [2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Having cured his registration delinquency in January 2021, respondent now moves, by application marked returnable on January 31, 2022, for his reinstatement. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) does not oppose the application and advises that it defers to our discretion in the disposition of the motion.[FN1]
Along with certain procedural requirements, "[a]ll attorneys seeking reinstatement from suspension must establish, by clear and convincing evidence, that (1) he or she has complied with the order of suspension and the Rules of this Court, (2) he or she has the requisite character and fitness for the practice of law, and (3) it would be in the public's interest to reinstate the attorney to practice in New York" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317—1318 [2020]). Given the duration of his suspension, respondent has appropriately submitted a duly-sworn form affidavit as is provided for in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). He has also provided evidence establishing his nonlegal employment during the relevant time period, as well as proof of his timely passage of the Multistate Professional Responsibility Examination (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]).
Upon review of the entirety of respondent's application, we conclude that his submission is sufficient to establish by clear and convincing evidence that he has satisfied the above-referenced three-part test. Respondent has sufficiently demonstrated his compliance with the order of suspension. As to his character and fitness, respondent's application materials raise no cause for concern, given that, among other things, he reports no criminal record, and he further attests that he has not been the subject of any adverse disciplinary action or governmental investigations since his suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 14, 30, 31). We additionally conclude that respondent's reinstatement would be in the public interest inasmuch as, among other things, he has taken steps to stay abreast of current developments in the law by completing 24.5 hours [*2]of continuing legal education (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶ 35). Finally, giving due consideration to respondent's otherwise blemish-free disciplinary history and the fact that the professional misconduct underlying his suspension was not harmful in nature, we find that no detriment would inure to the public from respondent's reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Giordano], 186 AD3d 1827, 1829 [2020]; Matter of Attorneys in Violation of Judiciary Law §468-a [Serbinowski], 164 AD3d 1049, 1051 [2018]). We accordingly grant respondent's motion and reinstate him to the practice of law in New York, effective immediately.
Garry, P.J., Egan Jr., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that respondent's motion is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.



Footnotes

Footnote 1: Finding no open claims, the Lawyers' Fund for Client Protection advises that it does not oppose respondent's reinstatement application.