Matter of Attorneys in Violation of Judiciary Law § 468-a (Demenge) (2022 NY Slip Op 03789)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Demenge)

2022 NY Slip Op 03789

Decided on June 9, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 9, 2022

PM-107-22
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Isabelle Anna Demenge, Respondent. (Attorney Registration No. 2941052.)

Calendar Date:April 18, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Fisher and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Isabelle Anna Demenge, New York City, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1999 and is also admitted in Paris, France. Respondent was suspended from the practice of law in New York by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from her noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 beginning in 2015 (Matter of Attorneys in Violation of Judiciary Law § 468, 172 AD3d 1706, 1719 [2019]); see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). She cured her registration delinquency in March 2021 and has remained current to date. Respondent now applies for reinstatement by motion marked returnable on the adjourned date of April 18, 2022. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) advises that it opposes respondent's motion based upon certain identified deficiencies.[FN1]
Initially, we note that respondent has satisfied the procedural requirements for an attorney seeking reinstatement to the practice of law from a suspension of more than six months (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1318 [2020]) by, among other things, submitting a sworn affidavit in the proper form set forth in appendix C to Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). As for the threshold documentation required to be submitted in support of her application, respondent has requested a waiver of the Multistate Professional Responsibility Examination (hereinafter MPRE) requirement applicable to all attorneys seeking reinstatement from suspensions of more than six months (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Alessandro], 169 AD3d 1349 [2019]). As we have noted previously, a reinstatement applicant must demonstrate "good cause" in order to be granted an MPRE waiver, which standard may be satisfied by providing assurances "that additional MPRE testing would be unnecessary under the circumstances" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [2017]).
Upon review of the documentation submitted by respondent in support of her application, we are persuaded that a waiver of the MPRE requirement is appropriate in this instance (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Ohm], 183 AD3d 1221, 1223 [2020]). Respondent has submitted proof demonstrating, among other things, her participation in volunteer work supporting a vulnerable population who she aspires to represent on a pro bono basis if reinstated as an attorney in this state (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Fitzpatrick], 191 AD3d 1229, 1230 [2021]; Matter of Attorneys in Violation of Judiciary [*2]Law § 468-a [Sauer], 178 AD3d 1191, 1193 [2019]). Along with her otherwise blemish-free disciplinary history, respondent also submits proof establishing her completion of numerous credit hours of continuing legal education devoted to, among other things, ethics and professionalism. Under these circumstances, we agree that it is not necessary for respondent to undergo further MPRE testing, and we therefore grant her request for a waiver.
As for the remainder of respondent's application, we find that her submission establishes by clear and convincing evidence that she has satisfied the substantive test applicable to all attorneys seeking reinstatement following a suspension from the practice of law (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Baseri], 204 AD3d 1363, 1364 [2022]). Specifically, respondent has sufficiently demonstrated her compliance with the order of suspension and we find that respondent has demonstrated the requisite character and fitness for reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468—a [Pratt], 186 AD3d 965 [2020]). We additionally conclude that respondent has demonstrated that her reinstatement would be in the public interest. Further, giving due consideration to the limited nature of respondent's misconduct, we find that no detriment would inure to the public from her reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Giordano], 186 AD3d 1827, 1829 [2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Ohm], 183 AD3d at 1223). We accordingly grant respondent's motion and reinstate her to the practice of law in New York, effective immediately.
Egan Jr., J.P., Clark, Pritzker, Fisher and McShan, JJ., concur.
ORDERED that respondent's motion is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

Footnotes

Footnote 1: Finding no open claims, the Lawyers' Fund for Client Protection advises that it does not oppose respondent's reinstatement application.