Matter of Attorneys in Violation of Judiciary Law § 468-a (Pekmezovic) (2022 NY Slip Op 04700)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Pekmezovic)

2022 NY Slip Op 04700

Decided on July 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 21, 2022

PM-138-22
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Appellant; Alma Pekmezovic, Respondent. (Attorney Registration No. 5055801.)

Calendar Date:March 28, 2022

Before:Lynch, J.P., Aarons, Pritzker, Ceresia and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Soneye & Co., PLLC, New York City (Adedayo Soneye of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2012 and lists a business address in Germany with the Office of Court Administration. Respondent was suspended from the practice of law in New York by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from her noncompliance with the statutory attorney registration requirements from 2014 onward (Matter of Attorneys in Violation of Judiciary Law § 468, 172 AD3d 1706, 1747 [2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]; Rules of the Chief Admin of Cts [22 NYCRR] § 118.1). She cured her registration delinquency in February 2020 and has remained current to date. Respondent now moves, by application marked returnable on March 28, 2022, for her reinstatement. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) advises that it defers to the Court's discretion regarding respondent's application.[FN1]
Along with certain procedural requirements, respondent must satisfy the substantive test applicable to all attorneys seeking reinstatement from suspension by establishing, "by clear and convincing evidence, that (1) he or she has complied with the order of suspension and the Rules of this Court, (2) he or she has the requisite character and fitness for the practice of law, and (3) it would be in the public's interest to reinstate the attorney to practice in New York" (Matter of Attorneys in Violation of Judiciary Law § 468—a [Nenninger], 180 AD3d 1317, 1317—1318 [2020]). Given the duration of her suspension, respondent has appropriately submitted a duly-sworn form affidavit as is provided in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). She has also provided proof of her timely passage of the Multistate Professional Responsibility Exam (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Although respondent concededly failed to file the required affidavit of compliance following the order of suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]; part 1240, appendix C, ¶ 21), we find that the attestations included in her appendix C affidavit have sufficiently cured this defect (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Lawrence], 193 AD3d 1318, 1319 [2021]).
As for the balance of respondent's application, we find that her submission is sufficient to establish by clear and convincing evidence that she has satisfied the above-referenced substantive requirements. Respondent has adequately demonstrated her compliance with the order of suspension. As to her character and fitness, respondent's application materials raise no cause for concern, inasmuch as, among other things, she reports no criminal record and further attests that she has not been the subject of any adverse disciplinary action or governmental [*2]investigation since her suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 14, 30, 31). We additionally conclude that respondent's reinstatement would be in the public interest. Giving due consideration to the fact that the nature of respondent's professional misconduct does not raise any concerns regarding harm to a client, as well as her otherwise spotless disciplinary history, we also find that no detriment would inure to the public from respondent's reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Giordano], 186 AD3d 1827, 1829 [2020]; Matter of Attorneys in Violation of Judiciary Law §468-a [Serbinowski], 164 AD3d 1049, 1051 [2018]). We accordingly grant respondent's motion and reinstate her to the practice of law in New York, effective immediately.
Lynch, J.P., Aarons, Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that respondent's motion is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

Footnotes

Footnote 1: Finding no open claims, the Lawyers' Fund for Client Protection advises that it does not oppose respondent's reinstatement application.