Matter of Attorneys in Violation of Judiciary Law § 468-a (McNamara) (2022 NY Slip Op 04701)

Matter of Attorneys in Violation of Judiciary Law § 468-a (McNamara)

2022 NY Slip Op 04701

Decided on July 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 21, 2022

PM-139-22
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Appellant; Robert Graham McNamara, Respondent. (Attorney Registration No. 4380374.)

Calendar Date:May 9, 2022

Before:Egan Jr., J.P., Lynch, Reynolds Fitzgerald, Fisher and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Robert Graham McNamara, Niskayuna, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2006 and lists a Schenectady County business address with the Office of Court Administration. Respondent was suspended from the practice of law in New York by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from his noncompliance with the statutory attorney registration requirements from 2014 onward (Matter of Attorneys in Violation of Judiciary Law § 468, 172 AD3d 1706, 1741 [2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]; Rules of the Chief Admin of Cts [22 NYCRR] § 118.1). After curing his registration delinquency in July 2021, respondent has now moved, by application marked returnable on May 9, 2022, for his reinstatement. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) advises that it defers to the discretion of the Court as to the disposition of respondent's motion.[FN1]
Along with certain procedural requisites, respondent must satisfy the substantive requirements applicable to all attorneys seeking reinstatement from suspension by establishing, "by clear and convincing evidence, that (1) he or she has complied with the order of suspension and the Rules of this Court, (2) he or she has the requisite character and fitness for the practice of law, and (3) it would be in the public's interest to reinstate the attorney to practice in New York" (Matter of Attorneys in Violation of Judiciary Law § 468—a [Nenninger], 180 AD3d 1317, 1317—1318 [2020]). Here, given the duration of his suspension, respondent has appropriately submitted a duly-sworn form affidavit as is provided in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). He has also provided proof of his timely passage of the Multistate Professional Responsibility Exam (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Although respondent concededly failed to file the required affidavit of compliance following the order of suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]; part 1240, appendix C, ¶ 21), we find that the attestations included in his appendix C affidavit have sufficiently cured this defect (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Lawrence], 193 AD3d 1318, 1319 [2021]).
As for the balance of respondent's application, we conclude that his submission is sufficient to establish by clear and convincing evidence that he has satisfied the above-referenced substantive requirements. Respondent has adequately demonstrated his compliance with the order of suspension. As to his character and fitness, respondent's application materials raise no cause for concern, inasmuch as, among other things, he reports no criminal record and further attests that he has not been the subject of any adverse disciplinary action or governmental [*2]investigation since his suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 14, 30, 31). We additionally conclude that respondent's reinstatement would be in the public interest. Giving due consideration to the fact that the nature of respondent's professional misconduct does not raise any concerns regarding harm to a client, as well as his otherwise spotless disciplinary history, we also find that no detriment would inure to the public from respondent's reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Giordano], 186 AD3d 1827, 1829 [2020]; Matter of Attorneys in Violation of Judiciary Law §468-a [Serbinowski], 164 AD3d 1049, 1051 [2018]). We accordingly grant respondent's motion and reinstate him to the practice of law in New York, effective immediately.
Egan Jr., J.P., Lynch, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that respondent's motion is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

Footnotes

Footnote 1: Finding no open claims, the Lawyers' Fund for Client Protection advises that it does not oppose respondent's reinstatement application.